IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD VILLNAVE | § | |
| (TDCJ No. 1857494), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-3861-M-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Edward Villnave, a Texas inmate, proceeding *pro se*, has filed

an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons

explained below, Villnave's application should be denied.

**Applicable Background**

In the 291st Judicial District Court of Dallas County, Texas, "Villnave waived

a jury and pleaded not guilty before the court to the charge of felony driving while

intoxicated. The court found [him] guilty and assessed punishment, enhanced by two

prior felony convictions, at 50 years in prison." *Villnave v. State*, No. 05-13-00617-CR,

2014 WL 1018349, at *1 (Tex. App. – Dallas Feb. 28, 2014); *see State v. Villnave*, F13-

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, and, as his
successor, she is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

22214-U (291st Jud. Dist. Ct., Dallas Cty., Tex.). "On appeal, [he argued] that his waiver of the right to a jury trial was involuntary because the trial court erroneously admonished him about his eligibility for community supervision," *Villnave*, 2014 WL 1018349, at *1, but the Dallas Court of Appeals rejected that argument and affirmed the trial court's judgment, *see generally id.*, after recounting the applicable factual background:

> The State indicted appellant for felony DWI and alleged two prior felony DWIs for enhancement of punishment. Prior to trial, the State offered appellant a plea bargain of 10 years in prison; he rejected it. At a pretrial hearing, the trial court advised appellant about the charge against him and the two prior felony convictions alleged for enhancement of punishment, and stated, "The minimum, if you're convicted in this case, the minimum is 25 years. I believe Friday [the State] had a plea bargain offer of ten years. It's no longer on the table. And after more facts have been relayed to the Court as well, I would not accept a plea bargain at this point. My understanding though is you are now wishing to waive a jury; is that correct?" Appellant said yes. He said he understood he had a right to a jury trial and wanted to waive that right and have the trial court decide whether he was guilty. The trial court said, "Okay. So understanding if I find you guilty, the option I have is either straight probation, because a jury cannot give you probation. Straight probation or 25 to life. You understand that, correct?" Appellant said he did. The trial court said, "So let's do this then, let's go ahead and do a written jury waiver." The court again asked appellant whether he was "sure that's what [he] want[ed] to do"; he said yes. Appellant signed a waiver of jury form stating, "Comes now defendant in the above cause, standing accused of a felony offense herein, and in open Court waives his right to trial by jury herein, and requests that the Court consent to and accept his waiver of right of trial by jury." The waiver is also signed by appellant's lawyer, the prosecutor, and the trial court.

> The day after the pretrial hearing, the trial court granted the State's motion to strike from the indictment the two prior convictions for felony DWI alleged for enhancement of punishment. The State then filed notice of its intent to enhance the punishment range with a prior conviction for felony theft and a prior conviction for felony DWI. A couple of weeks later, the trial court conducted the trial after which it found appellant guilty.

During the punishment phase of the trial, the State presented evidence that appellant had ten prior convictions, including four for felony DWI. The court found the two prior convictions alleged for enhancement true and sentenced appellant to 50 years in prison.

*Id.* at *1.

The Texas Court of Criminal Appeals (the "CCA") refused Villnave's petition for discretionary review. *See Villnave v. State*, PD-0333-14 (Tex. Crim. App. May 7, 2014). And the CCA dismissed his state habeas application in part and denied that application in part. *See Ex parte Villnave*, WR-64,007-11, 2015 WL 7353947, at *1 (Tex. Crim. App. Nov. 18, 2015) (per curiam) ("Applicant contends, among other things, that he was denied pre-sentence credit and that trial and appellate counsel were ineffective. His pre-sentence claim is dismissed." (citing *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004)); *see also* Dkt. No. 19-18 at 3-35 (state trial court findings of fact and conclusions of law).

In his timely-filed Section 2254 application, Villnave asserts that he was denied counsel at arraignment; that his counsel at trial and on appeal were constitutionally ineffective; that there was not probable cause for the traffic stop; that the trial court and prosecutor committed misconduct; that he is actually innocent; that he was denied credit against his state sentence; that the trial court lacked jurisdiction, based on alleged deficiencies in the indictment and/or warrant; and that the trial court committed error in admonishing him about probation eligibility.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court

may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713; *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of §
2254(d)(1), an unreasonable application of federal law is different from an incorrect
application of federal law.... A state court's determination that a claim lacks merit
precludes federal habeas relief so long as fairminded jurists could disagree on the
correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)
(citations and internal quotation marks omitted). "Under § 2254(d), a habeas court
must determine what arguments or theories supported or ... could have supported, the
state court's decision; and then it must ask whether it is possible fairminded jurists
could disagree that those arguments or theories are inconsistent with the holding in
a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule
application was unreasonable requires considering the rule's specificity. The more
general the rule, the more leeway courts have in reaching outcomes in case-by-case
determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong
case for relief does not mean the state court's contrary conclusion was unreasonable."
*Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to
meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d)
stops short of imposing a complete bar on federal court relitigation of claims already
rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases
where there is no possibility fairminded jurists could disagree that the state court's
decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus,

"[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. ___, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct

and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## Analysis

Due process related to initial proceedings

Villnave first claims that his procedural due process rights were violated when he was not taken before a magistrate or provided counsel within 72 hours of his arrest. It does not appear that this claim was presented in the state habeas proceedings in a

way that its factual and legal basis was fairly presented to the CCA, *see, e.g.*, Dkt. No. 19-18 at 3-35, which means that Villnave has failed to properly exhaust state court remedies as to this claim, *see Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); 28 U.S.C. § 2254(b)(1)(A); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982))))).

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred

from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

This unexhausted claim is procedurally barred because Villnave has not shown that the claim would be allowed in a subsequent habeas proceeding in state court under Texas law. Nor has he asserted the "fundamental miscarriage of justice" exception to procedural bar.

Alternatively, because exhaustion of state remedies is not "a jurisdictional prerequisite, but a prudential policy based on concerns for federalism," *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988); *see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."), the Court may consider the merits of this claim.

Doing so, the undersigned finds that this claim is without merit. Although

Villnave was stopped on suspicion of DWI on March 17, 2011, *see* Dkt. No. 17-2 at 11, he was not indicted until January 2013, *see id.*, and an arrest warrant was not issued until February 14, 2013, *see id.* at 5. It appears that the warrant was executed approximately one week later and that he was taken before a magistrate on February 21, 2013, *see id.* at 6-9, and appointed counsel the same day, *see id.* at 10.

Ineffective assistance of counsel

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel, whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Harrington*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 134 S. Ct. at 17, 13)).

Villnave contends that his trial counsel violated his Sixth Amendment right to effective counsel by (1) telling him that he was eligible for probation if he were to waive a jury trial and (2) failing to challenge the warrantless arrest. It is not clear that these claims of trial counsel's alleged ineffectiveness are exhausted. But it is clear that they

are without merit.

First, the Dallas Court of Appeals determined that Villnave was eligible for probation at the outset of his trial, at the time he waived his right to a jury:

> The 25-year minimum punishment did not apply to appellant until the State proved beyond a reasonable doubt that the prior convictions existed and appellant was linked to those convictions. Until then, the court had the option of ordering community supervision for the indicted offense of felony DWI after it found appellant guilty. And there is no indication in the record that the trial court was going to find the enhancement paragraphs true when appellant waived his right to a jury trial or when the court found appellant guilty of the indicted offense. We conclude that the trial court's admonition to appellant about his eligibility for "straight probation" was accurate at the time it was given.

*Villnave*, 2014 WL 1018349, at *2 (later citing Tex. Code Crim. Proc. Ann. § 4(e) (for the proposition that "a jury could not have recommended community supervision because [Villnave] had a prior felony conviction")).

And it is clear that Villnave was neither arrested without a warrant, *see* Dkt. No. 16-2 at 5, nor stopped without probable cause, as confirmed by the state trial court on habeas review, *see* Dkt. No. 19-18 at 2 (citing *id.* at 27-28 (trial counsel's affidavit)).

Villnave further contends that his appellate counsel also violated his Sixth Amendment right to effective counsel by (1) failing to raise the authenticity of the toxicology report; (2) failing to raise a lack of probable cause for the traffic stop; (3) failing to challenge the admissibility of pen packets as hearsay; (4) not raising the same points of error Villnave himself asserts on habeas relief; and (5) failing to argue there was no warrant for the blood draw.

Again, the material allegations that Villnave now asserts to support his claims

-14-

that appellate counsel was constitutionally ineffective do not line up with the material allegations against appellate counsel raised in the state habeas proceedings – the latter allegations being the ones that have been properly exhausted. *See, e.g.*, *Campbell*, 117 F. App'x at 957 ("a petitioner has not exhausted his state claim when he offers material additional factual allegations and evidentiary support to the federal court that were not presented to the state court" (collecting cases)). As to the latter, the state court reviewed the record, obtained appellate counsel's affidavit, found that counsel was "a trustworthy individual" whose statements "are worthy of belief," Dkt. No. 19-18 at 6; *cf. Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))), and then rejected the Sixth Amendment allegations:

> This Court finds that Mr. Anton is a trustworthy individual and that the statements made by him are worthy of belief. Based upon a thorough review of applicant's instant Application for Writ of Habeas Corpus, the Court records, the Appellate Court opinion, the Reporters Record of the trial proceedings, and the affidavit submitted by Mr. Anton, this Court finds that the statements made by Mr. Anton are true, correct, and dispositive of the allegation set out in applicant's writ. This Court notes that Mr. Anton state's in summary that:
>> (a) Applicant's claim of no probable cause is without merit because the officer observed Mr. Villnave fail to yield the right of way, speed, and loose control of his vehicle. Once stopped Villnave admitted drinking, failed the HGN test, and declined to perform some physical test. Counsel indicates that because no motion to suppress was filed, the issue was waived and not preserved for Appellate review.
>> (b) That applicant's claim that pen packets constituted hearsay was invalid, un-objected to, and therefore waived.

(c) That applicant's claim that the enhancement paragraphs were improperly pled was invalid because the State's notice complied with the requirements of law, properly designating the date and county conviction. Further, the enhancement paragraphs were un-objected to an therefore error if any was waived.

(d) That applicant's claim that his indictment was not valid was also un-objected to and therefore error if any was waived. Further the claim was without merit because the indictment contained no defects.

Dkt. No. 19-18 at 6-7.

The undersigned cannot find that the state court's determinations that these allegations of constitutionally-ineffective assistance should be denied amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)); *see, e.g.*, *Feldman*, 695 F.3d at 378; *Cotton*, 343 F.3d at 752-53; *see also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)).

Villnave cannot, moreover, satisfy *Strickland*'s requirements as to gain relief on the remaining claims against his appellate counsel.

Villnave has not shown that counsel was ineffective for failing to raise on appeal the authenticity issue preserved at trial – that the report was not sworn to – because the author of the report testified at trial. *See* TEX. R. EVID. 901.

Neither was counsel ineffective for failing to argue that the "pen packets" were inadmissible hearsay, as "'pen packets' from the Texas Department of [Criminal

Justice] are public records which [are] properly admitted under Federal Evidence Rule 803(8)." *United States v. Vidaure*, 861 F.2d 1337, 1338 (5th Cir. 1988); *see also United States v. Hughey*, 531 F. App'x 406, 406 (5th Cir. 2013) (per curiam) ("We have previously found that a pen packet from the Texas Department of Criminal Justice (TDCJ) can be sufficient to prove the existence of prior convictions." (citations omitted)).

And Villnave cannot prove that he was prejudiced by counsel's failure to raise the issues that Villnave himself raised in the state habeas proceedings, as habeas relief was denied.

As to the blood-draw claim, which implicates an alleged Fourth Amendment violation, "[i]t is well settled law that a claim challenging the admission of evidence at trial pursuant to an unconstitutional search and seizure is not cognizable in a federal habeas proceeding if the state has provided the opportunity for a full and fair litigation of the claim." *Meachum v. Stephens*, Civ. A. No. H-13-0140, 2014 WL 972210, at *8 (S.D. Tex. Mar. 12, 2014) (citing *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)). But that procedural bar "does not restrict federal habeas review of [a p]etitioner's Sixth Amendment right to effective assistance of counsel where counsel's error is failure to make a timely request for the exclusion of illegally obtained evidence." *United States v. Lewis*, Crim. No. 09-184, 2014 WL 5810520, at *10 (E.D. La. Nov. 6, 2014) (citing *United States v. Alanis*, 88 F. App'x 15, 21 (5th Cir. 2004) (in turn citing *Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986))).

Here, however, the trial record reflects that Villnave consented to the blood

draw. *See* Dkt. No. 17-5 at 46, 48-49. Appellate counsel therefore cannot be ineffective for failing to raise the warrantless-blood-draw issue on appeal.

Traffic stop

As explained above, even if Villnave's substantive claim that there was not probable cause for the traffic stop had merit – which does not appear to be the case, *see* Dkt. No. 19-18 at 6 – *Stone v. Powell*, 428 U.S. 465 (1976), prevents this Court's consideration of that claim, *see, e.g.*, *Liberto v. TDCJ-CID*, No. 4:08cv89, 2011 WL 1085182, at *4 (E.D. Tex. Mar. 21, 2011) (applying *Stone* to bar review of a Section 2254 petitioner's assertion "that the traffic stop and subsequent search of his vehicle were not supported by probable cause"); *cf. Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980) ("[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*.").

Alleged trial court and prosecutorial misconduct

As to Villnave's contentions that the prosecutor at his trial committed misconduct and that the trial court was vindictive, the state court "reviewed the record and found no source of Prosecutor misconduct or vindictiveness committed by the trial court," noted "that the sentence was within the applicable range of punishment for the offense as enhanced," and found that Villnave failed "to prove his claim by a preponderance of the evidence and recommend[ed] that no relief be granted" as to these claims. Dkt. No. 19-18 at 15. The undersigned finds that state court's denial of these

claims is "not unreasonable in light of the evidence, or in light of clearly established federal law." *Vollmer v. Davis*, ___ F. App'x ____, No. 14-10301, 2016 WL 7403061, at *1 (5th Cir. Dec. 20, 2016) (per curiam)

Remaining claims

Villnave's claim of actual innocence is not an independent ground for federal habeas corpus relief and therefore should be denied. *See McQuiggin v. Perkins*, 569 U.S. ____, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

The state court addressed Villnave's claim that he is entitled to credit for time in pre-sentence custody in the context of state law. *See* Dkt. No. 19-18 at 15 (citing TEX. CODE CRIM. PROC. art. 42.03 § 2(a)). Indeed, "in this context, the matter of sentence credit is a question of state law, as no viable constitutional issue has been raised." *Russo v. Johnson*, 129 F. Supp. 2d 1012, 1022 (S.D. Tex. 2001) (collecting cases); *see also Ballard v. Martin*, No. 11-CV-806-GKF-FHM, 2014 WL 7346384, at *2 (N.D. Okla. Dec. 23, 2014) ("Service of a state sentence raises issues of state law and any misapplication of either the sequence of [a p]etitioner's sentences or sentence credits does not involve the denial of a constitutional right." (collecting cases, including *Campbell v. Williams*, 66 F. App'x 170, 173 (10th Cir. 2003) ("Mr. Campbell asserts he

should have received credit for pre-sentence time he remained at home wearing a monitoring device. This is a state law issue, and he has made no showing it amounts to denial of a constitutional right.")))). Because Villnave's pre-sentence-time-credit claim is solely a matter of state law, relief under Section 2254 is not available, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Gibbs v. Johnson*, 154 F.3d 253, 259 (5th Cir. 1998), and this claim should be denied.

Similarly, the state court addressed Villnave's sufficiency-of-the-indictment-and/or sufficiency-of-the-arrest-warrant claim in the context of state law, *see* Dkt. No. 19-18 at 16, and Villnave has not shown a viable constitutional issue as to this claim. Accordingly, it also should be denied.

Villnave's final claim – that the trial court committed error in admonishing him about probation eligibility – also should be denied. The Dallas Court of Appeals addressed this claim, finding no error, *see Villnave*, 2014 WL 1018349, at *2, and the undersigned finds that this denial is neither unreasonable in light of the evidence nor inconsistent with clearly established federal law, *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (to obtain federal habeas relief due to trial error, it must be shown that the error caused actual prejudice).

## Recommendation

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE